PEOPLE *v.* ROBBINS

CRIMINAL LAW—DEFENSES—INSANITY—DISPOSITION OF DEFENDANT—INSTRUCTION TO JURY.

Refusal to give, in an appropriate case, a requested instruction as to the disposition of the defendant should the jury find him not guilty by reason of insanity requires a reversal of the conviction, even though the conviction and trial occurred prior to the Michigan Supreme Court decision recognizing the right of the defendant to such an instruction because that decision applies retroactively.

Appeal from Washtenaw, Robert W. McIntyre, J. Submitted Division 2 February 8, 1971, at Detroit. (Docket No. 9946.)   Decided July 29, 1971.

Thomas Robbins was convicted of forgery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink,* Assistant Prosecuting Attorney, for the people.

*Pauline R. Rothmeyer,* for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error §§ 891–894.
21 Am Jur 2d, Criminal Law § 45.

PER CURIAM.   On May 15, 1969, the defendant was convicted by a jury for the crime of forgery contrary to MCLA § 750.248 (Stat Ann 1971 Cum Supp § 28.445).   From the conviction and subsequent sentence of 5-1/2 to 14 years imprisonment, defendant appeals as of right.

At trial, defendant's counsel requested that the jury be instructed as to the disposition of defendant if the jury should find defendant not guilty by reason of insanity.   *Lyles* v. *United States* (1957), 103 App DC 22 (254 F2d 725); MCLA § 767.27b (Stat Ann 1971 Cum Supp § 28.966[12]).   Although proper objection was made, the trial court refused to give defendant's requested instruction.

The right of a defendant to such an instruction in appropriate cases has been approved by our Supreme Court in *People* v. *Cole* (1969), 382 Mich 695. Although defendant's trial and conviction occurred prior to the Supreme Court's decision in *Cole,* the rule announced in *Cole* is applicable and requires reversal of the instant conviction for the reasons stated in *People* v. *Hampton* (1971), 384 Mich 669.

The remaining issues raised on appeal need not be considered, as they are likely upon retrial to emerge in a greatly altered context.

Reversed and remanded.